**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**Paul A. Drew, III,**

        **Plaintiff,**

**v.**                                                                                                          **Case No. 18-2667-JWL**

**Exide Technologies,**

        **Defendant.**

**MEMORANDUM & ORDER**

Plaintiff filed this lawsuit against defendant asserting numerous claims arising out of his employment with defendant. In May 2020, defendant filed a notice of filing of bankruptcy and the case was stayed. In February 2021, the court ordered defendant to submit a status report on the status of the bankruptcy proceedings on or before August 31, 2021. That status report has been timely delivered to the court via email and the court attaches it here.

As set forth in detail in the status report, plaintiff filed a proof of claim consistent with deadlines established by the bankruptcy court. The General Unsecured Claim "GUC" Trust then filed a claim objection and sought disallowance and expungement of the claim. The response and objection deadline with respect to the claim objection passed and plaintiff did not object or otherwise respond to the claim objection. On July 14, 2021, the bankruptcy court entered an order disallowing and expunging the claim in its entirety and authorized the removal of the claim from the claims register. Any appeal of that order was

due July 28, 2021 and none was filed. Thus, the claim objection order filed by the bankruptcy court became a final order of the bankruptcy court. Based on the foregoing, the GUC Trust submits that this case should be dismissed. The court agrees.

A bankruptcy court has jurisdiction to hear and determine the allowability of all claims against a debtor that, like plaintiff's claims here, arise prior to the filing of the bankruptcy petition. *See Jackson v. GMAC Mortgage*, LLC, 2017 WL 11606943, at *1 (S.D. Ala. May 26, 2017); *see also United States v. Murdock Mach. & Eng'g Co*., 81 F.3d 922, 933 (10th Cir. 1996). Because plaintiff's claim against defendant was expunged and disallowed in the bankruptcy court, the effect of the bankruptcy court's rulings (including the Claim Objection Order) is that defendant has been discharged of any debt or liability to plaintiff that might have existed. *See Jackson,* 2017 WL 11606943, at *1 (citing *In re Production Plating, Inc*., 90 B.R. 277, 282 (Bankr. E.D. Mich. 1988) ("[A] discharge extinguishes, as if by a full satisfaction, all legal obligations and enables a reorganized debtor to conduct business and acquire property without subjecting it to the claims of prepetition creditors.")). A plaintiff is barred from litigating discharged claims in any other forum. *See id.* (citations omitted). Moreover, because a bankruptcy order expunging a proof of claim is a final judgment on the merits by a court of competent jurisdiction, the order is a predicate for res judicata. *Id*. at *2.

In light of the bankruptcy court's order, plaintiff is barred from continued litigation of this case. The case is dismissed with prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's claims are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 3rd day of September, 2021, at Kansas City, Kansas.

> *s/ John W. Lungstrum*
> John W. Lungstrum
> United States District Judge

3